FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2006 JAN -5 P 2: 14

ROLLIE TILLERY AND REGINA TILLERY,

Plaintiffs,

v.                                                              Case No. 3:05-cv-763-J-20MCR

THE DARBY-ROGERS COMPANY and
O'DELL AND DELIA ROGERS,

Defendants.
_____/

## ORDER

Before the Court is Defendant Darby-Rogers Company's Motion to Dismiss for Failure to State a Cause of Action (Doc. No. 19, filed October 11, 2005), to which Plaintiffs responded in opposition (Doc. No. 21, filed October 26, 2005).

**Factual Background**

This case concerns alleged racial discrimination against Plaintiffs Mr. Rollie and Mrs. Regina Tillery, "an African-American husband and wife with dark skin," in their attempt to purchase a house located at Route 6, Box 374 in Lake City, Florida.[1] (Am. Compl. ¶¶ 11, 30 & 31.) Plaintiffs relocated from Georgia to North Florida in late 2002, to pursue new job opportunities. In January 2003, the couple saw an advertisement in the local newspaper, which advertised the real estates services of The Darby-Rogers Company ("Darby-Rogers"). Plaintiffs went to the office of Defendant Darby-Rogers and met with real estate agent Ms. Billy Terzi,

---

[1] The following facts are taken from the Plaintiff's Amended Complaint (Doc. No.15, filed September 13, 2005).

1

who worked in the office. Ms. Terzi showed Plaintiffs several houses in the Lake City area and eventually Plaintiffs decided to purchase a house located at Route 6, Box 374 in Lake City, Florida.

On January 28, 2003, Plaintiffs signed a Brokerage Relationship Disclosure agreement with Defendant Darby-Rogers. On the same day Plaintiffs signed a contract for sale and purchase, whereby they agreed to purchase the house located at Route 6, Box 374 in Lake City, Florida, with a closing date set for January 28, 2003. In January of 2003, Plaintiffs obtained a pre-approved mortgage from American First Mortgage for the house located at Route 6, Box 374 in Lake City. In February of 2003, Plaintiffs were told that they needed to have an appraisal and water inspection completed on the house and Plaintiffs then signed a contract extension, which extended the closing date to March 6, 2003. On or about February 7, 2003, Plaintiffs paid Defendant Darby-Rogers a $500.00 escrow down payment. A subsequent extension to allow time for a water sample test moved the closing date from March 6, 2003 to April 16, 2003. After the appraisal and the water sample were completed Plaintiffs were notified that the closing could not occur until an easement was granted to the property by the adjoining neighbors, Mr. O'dell and Mrs. Delia Rogers ("Mr. and Mrs. Rogers"). Mr. and Mrs. Rogers are both Caucasian.

The seller of the house, Ms. Allene Dolley, is Caucasian and she has lived on the subject property for a number of years and she had always been granted an easement across Mr. and Mrs. Rogers's property. The Parties agree that Mr. and Mrs. Rogers were represented by attorney, Mr. Bill Haley. Attorney Haley advised Plaintiffs that Mr. and Mrs. Rogers would grant them an easement of 100 feet long by 12 feet wide, on several conditions. Plaintiffs were told to install a 1,344 foot fence along the East side and the North side of the property, along with a 3-inch

barbed wire on the top of the fence. Attorney Haley also allegedly advised Plaintiffs that Mr. and Mrs. Rogers would first like to interview them face-to-face, before granting the easement. Additionally, Plaintiffs were advised that they would be responsible not only for all costs associated with maintaining the fence, but also with Mr. and Mrs. Rogers's attorney's fees, survey fees, and any other costs associated with granting the easement.

In April of 2003, Plaintiffs allege that they were told by Ms. Terzi that she would not recommend that they move into the house located at Route 6, Box 374 in Lake City, as they would be moving into "a racially hostile environment." Plaintiffs state that Ms. Terzi then took them to see several other houses, and one of the first houses she showed them was located in a predominantly Black neighborhood. Plaintiffs describe the neighborhood as "not well kept," with "run-down houses," and that the house Ms. Terzi showed them was in "very poor condition." Plaintiffs claim to have told Ms. Terzi that they were not interested in this house and that they felt she was showing them this house simply because of their race.

In May of 2003, when Plaintiffs concluded that the purchase of the house located at Route 6, Box 374 in Lake City, Florida was not possible, they requested a refund of their $500.00 escrow down payment. Plaintiffs allege that Defendant Darby-Rogers informed Plaintiffs that the $500.00 escrow down payment would not be refunded unless they hired an attorney to get it back for them. On August 26, 2003, Plaintiffs successfully secured a refund of the $500.00 down payment, through the services of an attorney.

In May of 2003, Plaintiffs took up residence in a motel in High Springs, Florida because they had no other place to stay. Plaintiffs resided in the motel until the Summer of 2004, when they found a new place to live in Gainesville, Florida. Plaintiffs allege that they incurred living

3

expenses at the motel in excess of $14,000.00.

In August of 2003, Plaintiffs filed a housing discrimination complaint with The Florida Commission on Human Relations. The following year, in August of 2004, the Commission issued a finding that there was No Reasonable Cause to Believe That Discrimination Had Occurred. Plaintiffs then filed the instant action under the Fair Housing Act of 1968, 42 U.S.C. § 3601-3631.

**Standard of Review**

In deciding a defendant's motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. See e.g., Scheuer v. Rhodes, 416 U.S. 232 (1974). A complaint should not be dismissed for failure to state a cause of action "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). Where no construction of the factual allegations will support the cause of action, however, the Court may dismiss the complaint as a matter of law. Marshall County Board of Education v. Marshall County Gas District, 992 F.2d 1171, 1174 (11th Cir. 1993).

The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The Federal Rules have adopted this simplified pleading approach because of "the liberal opportunity for discovery and other pretrial procedures . . . to disclose more precisely the basis of both claim and defense . . . ." Conley, 355 U.S. at 47-48. The purpose of notice pleading is to reach a decision on the merits and avoid turning pleading into "a game of skill in which one misstep by counsel may be decisive to the

outcome." Id. at 48.

**Analysis**

Plaintiffs' Amended Complaint alleges five counts against Mr. and Mrs. Rogers and Defendant Darby-Rogers. In Count I, Plaintiffs allege that Defendant Darby-Rogers violated the Fair Housing Act of 1968. Counts II and IV allege that Mr. O'dell and Mrs. Delia Rogers each violated the Fair Housing Act of 1968. And finally in Counts III and V, Plaintiffs allege that Mr. O'dell and Mrs. Delia Rogers each violated 42 U.S.C. § 1981.

The only motion before the Court at this time is the Motion to Dismiss for Failure to State a Cause of Action (Doc. No. 19) filed by Defendant Darby-Rogers. Accordingly, the Court's analysis is limited to the single count against Defendant Darby-Rogers. The Fair Housing Act of 1968 makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

The Court finds that Plaintiffs have stated a claim for "racial steering" in violation of 42 U.S.C. § 3604. Racial steering has been defined by the U.S. Supreme Court as "directing prospective home buyers interested in equivalent properties to different areas according to their race." Gladstone, Realtors v. Bellwood, 441 U.S. 91, 94 (1979); accord Watts v. Boyd Properties, 758 F.2d 1482 (11th Cir. 1985); see also Evans v. Tubbe, 657 F.2d 661 (5th Cir. 1981). Accordingly, Defendant Darby-Rogers Motion to Dismiss is **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, this _5_ day of January, 2006.

HARVEY E. SCHLESINGER
United States District Judge

**Copies to:**

Mizell Campbell, Esq.
Stephen C. Bullock, Esq.
Herbert Lamar Thomas, Esq.