UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROLLIE TILLERY and REGINA TILLERY,

    Plaintiff,

vs.            Case No.  3:05-cv-763-J-33MCR

THE DARBY-ROGERS COMPANY,

    Defendant.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Amend (Doc. 64) filed August 14, 2006.  Defendant filed its response in opposition to this motion (Doc. 67) on August 25, 2006.  A telephone hearing was conducted on August 30, 2006 during which the Court directed the parties to file supplemental briefs.  The parties have done so. (Docs. 71 and 72).  Accordingly, the matter is now ripe for judicial review.

## I.  BACKGROUND

On August 11, 2005, Plaintiffs filed a complaint in this Court alleging violations of the Fair Housing Act of 1968 and 42 U.S.C. sections 1981 and 1982 against their real estate agency, the Darby-Rogers Company, as well as two individuals, O'Dell and Delia Rogers.  (Doc. 2).  Plaintiffs claimed the real estate agency discriminated against them on the basis of their race by improperly steering them to homes in predominantly African-American neighborhoods.  Additionally, Plaintiffs alleged Mr. and Mrs. Rogers discriminated against Plaintiffs by failing to grant an easement to the property.  On

September 13, 2005, Plaintiffs filed an amended complaint alleging the same violations. (Doc. 15).  The Case Management and Scheduling Order (Doc. 23) was entered December 5, 2005, setting a June 30, 2006 discovery deadline and a July 31, 2006 deadline for filing dispositive motions.  The Final Pretrial Conference was scheduled for October 26, 2006 and the case was placed on the trial term beginning December 4, 2006.  (Doc. 23).  After being granted an extension of time to conduct discovery, the Darby-Rogers Company filed a motion for summary judgment on July 31, 2006.  (Doc. 44).  That motion is currently pending before Judge Covington.  Additionally, on August 9, 2006, the parties filed a Joint Stipulation for the dismissal of the case against Defendants O'Dell and Delia Rogers with prejudice.  (Doc. 59).

Plaintiffs filed the instant motion seeking leave to file an amended complaint on August 14, 2006.  (Doc. 64).  Plaintiffs ask the Court to allow them to file an amended complaint in order to add two claims as well as an additional defendant, Billy Terzi, a real estate agent employed by Darby-Rogers.  Specifically, Plaintiffs seek to add Ms. Terzi as a defendant in Count I (the racial steering claim).  Plaintiffs also wish to add an additional claim for violation of the Fair Housing Act by both Darby-Rogers and Ms. Terzi based on Ms. Terzi's alleged failure to inform Plaintiffs that the sellers of the property agreed to allow Plaintiffs to rent the property while the issues regarding the easement were worked out (Count II).  Additionally, Plaintiffs seek to add a claim for breach of contract against both Darby- Rogers and Ms. Terzi (Count III).

On August 25, 2006, Darby-Rogers (hereinafter referred to as "Defendant") filed its opposition to Plaintiffs' motion for leave to file an amended complaint.  (Doc. 67).

Defendant opposes amendment for several reasons.  First, Defendant claims the motion for leave to amend is untimely as it was filed after the close of discovery and after Defendant filed a motion for summary judgment.  Second, Defendant claims it would be futile for Plaintiffs to either add Ms. Terzi as a defendant in Count I or add the failure to rent claim under the Fair Housing Act against either Darby- Rogers or Ms. Terzi because the statute of limitations bars any such claims.  (Doc. 67).  Additionally, Defendant argues it would be prejudiced if Plaintiffs were permitted to amend their complaint.

## II.  ANALYSIS

Plaintiffs' motion to amend is governed by the rather liberal standards of Rule 15(a) of the Federal Rules of Civil Procedure.  Rule 15(a) states that leave to amend a pleading "shall be freely given when justice so requires."  As the Supreme Court further explained in  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

See also, Technical Resource Servs., Inc. v. Dornier Medical Sys., Inc., 134 F.3d 1458, 1463 (11th Cir. 1998).

Defendant argues three reasons the amendment should not be permitted: undue delay, undue prejudice and futility of amendment.  The Court will address Defendant's futility arguments first.

## A. Futility

Defendant argues Plaintiff should not be permitted to either add Ms. Terzi as a defendant in Count I or add the failure to rent claim in Count II because the statute of limitations has expired for both claims.

### 1. Count I Against Ms. Terzi

Defendant claims the Fair Housing Act requires a civil action alleging a violation to be commenced no later than two years after the discriminatory conduct occurred. Defendant notes that 42 U.S.C. § 3613(a)(1)(B) provides that the computation of the two-year limitations period does not include "any time during which an administrative proceeding . . . was pending . . ." (Doc. 71, p.2).  Based on this, Defendant takes the position that Plaintiffs cannot add Ms. Terzi as a defendant in Count I because they filed their complaint with the U.S. Department of Housing and Urban Development ("HUD") on August 13, 2003. Id.  The Complaint was eventually forwarded to the Florida Commission on Human Relations (the "FCHR"), which issued a finding of no reasonable cause on July 30, 2004 (Doc. 71, Ex. C).  As such, Defendant argues the administrative proceeding was pending for 352 days.  The alleged acts of racial steering occurred on July 29, 2003 and accordingly, the statute of limitations would expire July 15, 2006 (two years and 352 days after July 29, 2003).  (Doc. 71, p.4).  Because Plaintiffs did not file the instant motion to amend until August 14, 2006, Defendant argues the statute of limitations bars their claim against Ms. Terzi in Count I.

Plaintiffs take issue with the dates of the administrative proceedings used by Defendant.  First, Plaintiffs argue the proper beginning date is not August 13, 2003, but

rather August 6, 2003, the date Plaintiffs' attorney faxed a copy of the administrative

complaint to HUD.  (Doc. 72, p.2 and Ex. A).  Additionally, Plaintiffs claim the

administrative complaint was still "pending" until September 23, 2004, thirty days after it

was mailed.  (Doc. 72, p.3).  In making this argument, Plaintiffs acknowledge that the

FCHR issued a Determination on July 30, 2004, however, point out that another

Determination of No Reasonable Cause was issued on August 3, 2004 and mailed out

to the Plaintiffs on August 25, 2004.  (Doc. 72, Ex. B).  Plaintiffs also note that this

second Determination states:

> [t]his action will not become final until time has expired for
> Complainant to file a Petition for Relief.  Failure of
> Complainant to timely fie a Petition will result in dismissal of
> the complaint within the purview of Rule 60Y-2.004(2)(g),
> Florida Administrative Code.

(Doc. 72, Ex. B).  As Plaintiffs had thirty days from the date of the mailing of the

Determination in which to file their Petition for Relief, Plaintiffs argue that the

administrative proceedings did not cease to be pending until September 23, 2004, thirty

days after August 25, 2004.  (Doc. 72, p.3).  Using this calculation, Plaintiffs had until

September 17, 2006 in which to file a complaint against Ms. Terzi.  Id.

The Court agrees with Plaintiffs that the beginning date for the tolling is the date

Plaintiffs filed their administrative complaint with HUD.  The Court is convinced that date

is August 6, 2003, the date the complaint was faxed to HUD.  (Doc. 72, Ex. A).  Now the

Court must determine the date the administrative proceedings were no longer pending.

The Court rejects Defendant's suggestion to use the date July 30, 2004 on the initial

Determination.  (Doc. 71, Ex. C).  There is nothing indicating the date this Determination

was mailed to the Plaintiffs.  Instead, the Court believes the appropriate date is August 25, 2004, the date the Determination of No Reasonable Cause was mailed to the Plaintiffs.  (Doc. 72, Ex. B).

Using these dates, the Court finds the statute of limitations on Plaintiffs' Fair Housing Act claims was tolled from August 6, 2003 until August 25, 2004.  As such, the statute of limitations on the racial steering claims, which occurred July 29, 2003, expired August 17, 2006.  As Plaintiffs filed the instant motion to amend on August 14, 2006, the Court finds the statute of limitations does not bar the racial steering claim against Ms. Terzi in Count I and as such, the addition of Ms. Terzi would not be futile.[1]

### 2. Count II Against Darby-Rogers and Ms. Terzi

Count II is another Fair Housing Act claim alleging failure to rent and is directed against both Darby-Rogers and Ms. Terzi.  Basically, Plaintiffs claim that in June 2003, the sellers of the home they wished to purchase informed their agent that they would agree to rent the home to Plaintiffs until the issues surrounding the easement were resolved.  According to Plaintiffs, the sellers' agent relaying the offer to Ms. Terzi, however, Ms. Terzi decided not to tell the Plaintiffs about the offer to rent.

Defendant opposes the amendment to add this claim because it again argues the statute of limitations has expired.  Defendant points out that Plaintiffs did not file an administrative complaint regarding the failure to rent and as such, they cannot utilize the

---

[1] While the Plaintiffs' arguments regarding the administrative complaint being pending until the time for them to file a Petition for Relief had expired makes sense, the Court will not adopt it. While the Determination of No Reasonable Cause stated the action will not be final until time for filing the Petition for Relief had expired, it also notified Plaintiffs that their administrative complaint was "hereby dismissed."  (Doc. 72, Ex. B).

tolling provisions of 42 U.S.C. §3613.  Accordingly, Defendant argues the statute of

limitations expired on Plaintiffs' failure to rent claim June 2005.  (Doc. 71, p.5).

    As an initial matter, the Court will point out that under the Fair Housing Act, the

limitations period begins to run on the date of the last occurrence of discrimination.  See

Havens Realty Corp. v. Coleman, 455 U.S. 363, 381, 102 S.Ct. 1114, 1125 (1982).  As

such, the limitations period did not begin to run until July 29, 2003, the date of the

alleged illegal racial steering.  In any event, Plaintiffs do not dispute that their failure to

rent claims are not subject to the tolling provisions of 42 U.S.C. §3613.  Instead,

Plaintiffs argue that equitable tolling should operate to save their failure to rent claim.

Plaintiffs point out that they did not learn of the failure to rent claim until they took Ms.

Terzi's deposition on July 27, 2006.

    The Eleventh Circuit recently examined the doctrine of equitable tolling.  In Arce

v. Garcia, the court noted that statutes of limitations are primarily designed to "assure

fairness to defendants" by:

> "preventing surprises through the revival of claims that have
> been allowed to slumber until evidence has been lost,
> memories have faded, and witnesses have disappeared.
> The theory is that even if one has a just claim it is unjust not
> to put the adversary on notice to defend within the period of
> limitation and that the right to be free of stale claims in time
> comes to prevail over the right to prosecute them."

434 F.3d 1254, 1260 (11th Cir. 2006) (quoting Burnett v. New York Central Railroad Co.,

380 U.S. 424, 428, 85 S.Ct. 1050, 1054 (1965)).  Additionally, the court recognized that

statutes of limitations also relieve courts of the "burden of trying stale claims when a

plaintiff has slept on his rights."  Id. at 1261.  Thus, the court found "the defendant's

-7-

interest in promptly facing the plaintiff's claims along with the court's interest in hearing only claims that a plaintiff has diligently pursued can trump the plaintiff's right to assert even the most meritorious of claims." Id.

Despite this holding, the Arce court acknowledged that certain extraordinary circumstances can cause the interests of justice to weigh in favor of allowing a plaintiff to assert untimely claims. Id. In those situations, the doctrine of equitable tolling allows a court to "toll the statute of limitations until such a time that the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims." Id. (citing Justice v. United States, 6 F.3d 1474, 1475 (11th Cir. 1993)). The extraordinary circumstances which would result in equitable tolling must be both beyond the plaintiff's control and unavoidable even with diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). It is the plaintiff's burden to show such extraordinary circumstances and in making a determination as to whether equitable tolling should apply, the Court will remember that equitable tolling is an extraordinary remedy which should be extended sparingly. Arce, 434 F.3d at 1261 (quoting, Justice, 6 F.3d at 1479).

In the present case, Plaintiffs allege they were not aware of the offer to rent because Ms. Terzi deliberately failed to inform them of the offer. They did not learn of the offer until July 27, 2006, when they conducted the deposition of Ms. Terzi. Clearly, Plaintiffs' failure to learn of the offer to rent was beyond their control. Additionally, the Court is satisfied Plaintiffs' failure to learn of the rental offer was unavoidable even with diligence. As such, the Court finds equitable tolling applies to prevent the Fair Housing

-8-

Act's two-year statute of limitation from beginning to run until the date the Plaintiffs allege they learned of the offer to rent.  As Plaintiffs claim they did not learn of the offer to rent until July 2006, the date of Ms. Terzi's deposition, the failure to rent claim is timely.[2]  Accordingly, Defendant's futility argument with respect to Count II fails.

## B.  Undue Delay and Prejudice

Having determined the amendments of Count I and II would not be futile, the Court must now determine whether Plaintiffs have engaged in undue delay in seeking to amend their complaint or whether Defendants would be unduly prejudiced by the amendments.  The Court is confident Plaintiffs have not engaged in undue delay in seeking to add Count II as they were not aware of the facts surrounding it until taking depositions during discovery.  Additionally, Count III, a new breach of contract claim is based in part on Defendant's failure to rent.  As such, the Court finds Plaintiffs did not engage in undue delay in seeking to add that claim.[3]  Moreover, the Court believes any prejudice to Defendants in the addition of these claims can be addressed by providing them with the opportunity to conduct discovery.  Therefore, the Court will allow Plaintiffs to amend their complaint to add Counts II and III.

As for Plaintiffs' amendment to add Ms. Terzi as a defendant in Count I, the Court is less certain.  A review of the first Amended Complaint (Doc. 15) makes it clear

---

[2]  To the extent Defendant argues Plaintiffs should have taken the deposition of Ms. Terzi earlier, discovery did not begin until December 2005 and therefore, even if Plaintiffs had learned of the offer to rent earlier, it would still have been less than two years before filing the instant motion.

[3]  While Defendant is correct that the breach of contract claim includes other allegations about which Plaintiffs were aware earlier, the Court does not find this sufficient to deny leave to amend.

Plaintiffs knew of her involvement in the racial steering claim, however, failed to name her as a defendant.  Plaintiffs have not provided the Court with any explanation for the failure to name Ms. Terzi as a defendant in Count I.  Were this the only claim brought by Plaintiffs against Ms. Terzi, the Court would be much more apt to deny leave to amend on the grounds of undue delay and prejudice to Ms. Terzi.  However, as the Court is permitting Plaintiffs to bring the failure to rent and breach of contract claims against Ms. Terzi, she will not be prejudiced by the addition of the racial steering claim and as such, the Court will allow Plaintiffs to amend Count I to include Ms. Terzi as a defendant.

As noted above, the Court will re-open discovery.  The Court will allow Defendants to re-depose Plaintiffs regarding the new claims and depose any witnesses Plaintiffs claim will testify as to the new claims.  Additionally, Plaintiffs are ordered to produce any documents they intend to utilize to support the failure to rent and breach of contract claims, which have not yet been produced, as well as the names of any witnesses who will testify about these claims no later than **Friday, October 6, 2006**.  Judge Covington will be issuing a revised Case Management and Scheduling Order shortly which will set new deadlines for discovery, dispositive motions and trial.  With Judge Covington's permission, Defendant's Motion for Summary Judgment (Doc. 44) is hereby denied without prejudice and Defendant will be permitted to re-file any motion for summary judgment by the deadline established in the revised Case Management and Scheduling Order.

Accordingly, after due consideration, it is

**ORDERED**:

1.      Plaintiffs' Motion to Amend (Doc. 64) is **GRANTED**.  Plaintiffs are directed to file an amended complaint no later than **Friday, September 29, 2006**.

2.      Defendant's Motion for Summary Judgment (Doc. 44) is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this   25th   day of September, 2006.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record